IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(MIDLAND / ODESSA DIVISION)

| | | |
|---|---|---|
| BRENDA S. SHERWOOD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE #: _____ |
| | § | |
| JACKIE RAY GRACE, SR., and | § | |
| BWS INSPECTION SERVICES, LLC, | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff BRENDA S. SHERWOOD files this Complaint complaining of and against Defendants JACKIE RAY GRACE, SR. and BWS INSPECTION SERVICES, LLC for cause of action would show the Court the following:

### Nature of the Case

1. This is a wrongful death case arising out of an auto/pedestrian collision on November 18, 2020, on West CR-150 in Midland County, Texas. A young woman named Sloane Victoria Sherwood was killed as a result of the accident.

### Jurisdiction and Venue

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff BRENDA S. SHERWOOD is a citizen of Johns Creek, Fulton County, Georgia. Defendant JACKIE RAY GRACE, SR. is a citizen of Texas. Defendant BWS INSPECTION SERVICES, LLC is a Texas company headquartered in Mexia, Texas. The damages are substantially more than $75,000, exclusive of interest and costs. Venue is appropriate under 28 U.S.C. § 1391(b)(2) because the incident and death occurred in this District.

**Parties**

3. Plaintiff BRENDA S. SHERWOOD is Victoria Sherwood's mother. Therefore, she is an appropriate Plaintiff and wrongful death beneficiary under the Texas Wrongful Death Act, Tex. Civ. Prac. & Rem. Code Ann. § 71.002. As noted above, she is a citizen of Georgia.

4. Defendant JACKIE RAY GRACE, SR. is a citizen of Texas. He may be served at his permanent home, 2812 Winfield Drive, Corsicana, Navarro County, Texas 75510-1349, or, if necessary at his temporary quarters at 9610 West CR-154, Lot 26, Midland, Midland County, Texas. At the time of the incident in question he was an employee of Defendant BWS Inspection Services.

5. Defendant BWS INSPECTION SERVICES, LLC is headquartered in Mexia, Texas. Service may be effectuated on its Registered Agent, William B. Reed, 1230 LCR 244, Mexia, Limestone County, Texas 76667. At the time of the incident in question, it was the employer of Defendant Grace.

**Facts and Legal Claims**

6. As noted above, Defendant Grace lives in Corsicana, Texas, which is approximately 374 miles from Midland. However, at the time of this incident he was living and working in the Midland area on assignment or "special mission" for his employer, Defendant BWS Inspection Services. His employment required that he spend his nights in the Midland area so he could work in furtherance of the company's business and for its ultimate benefit. On information and belief, he was paid per diem and/or mileage while working at this site far away from his home.

7. Additionally, at the time of the incident in question, he was heading to a lease that was apparently owned and/or operated by Concho Oil & Gas. Defendant Grace was apparently headed there to do work for BWS's client "Energy Transfer", which is the first listed client on BWS Inspection Services' website, http://www.bwsinspection.com/. As shown in the photo

below, which was taken from a video interview done by the DPS officers on site, Defendant Grace was even wearing a BWS baseball cap.



8.  All of the facts in the foregoing paragraph render BWS Inspection Services vicariously liable under one or more recognized theories of Texas law. *See e.g., Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 132 (Tex. 2018) and *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637 (Tex. 2015); both of which were recently followed by this Court in *Valenzuela v. Crossfire, LLC*, No. MO:19-CV-00004-DC, 2020 WL 8269672, at *1 (W.D. Tex. Aug. 20, 2020). If discovery reveals that Defendant Grace was also in the course and scope for Energy Transfer, or on "special mission" in its behalf, Plaintiff will seek leave of Court to add that company as a defendant.

9.  At approximately 6 a.m. on November 18, 2020, Victoria Sherwood was walking along the roadway on West CR-150. Video footage from a surveillance camera at a business adjacent to this section of the roadway shows that a vehicle approaches Victoria and passes her safely without collision or injury. This is indisputable proof that a "reasonably prudent driver" exercising "ordinary care", paying attention, controlling his/her speed, and maintaining a proper lookout, could avoid striking this pedestrian.

10. At approximately 6:04 a.m., Defendant Grace drove his 2019 Jeep Wrangler down that same roadway. Contrary to a statement in the police report (that is, interestingly, *not* derived from the DPS officer's recorded interview with him), Defendant Grace did not brake, swerve, or take other appropriate evasive action. He collided with Victoria at a speed which caused enormous trauma to her body; she died at the scene. Obviously, Defendant Grace was distracted by something.

11. **Cause of Action:** The Texas Wrongful Death Act, imposes liability upon a person "that causes an individual's death if the injury was caused by the person's **or his agent's or servant's** wrongful act, neglect, carelessness, unskillfulness, or default." TEX. CIV. PRAC. & REM. CODE ANN. § 71.002 (Emphasis added).

12. Defendant Grace's actions were negligent, and his negligence was a proximate cause of Victoria's death. His conduct may also properly be branded as carelessness or unskillfulness within the ambit of the statute. As noted above, because he was in the course and scope of his employment, his negligence is imputed to Defendant BWS Inspection Services which is vicariously liable for the torts of its employee Grace.

13. The ACT provides that cause of action may be brought by a "surviving spouse, children, and parents of the deceased . . . for the benefit of all." TEX. CIV. PRAC. & REM. CODE ANN. § 71.004. Victoria had no spouse and no children. Therefore, this suit is brought by her Mother seeking justice on behalf of both of Victoria's parents.

14. **Damages:** The ACT provides quite simply for the recovery of "actual damages." Judicial interpretations of that phrase make it clear that surviving parents may recover both loss of affection and companionship as well as mental anguish damages. Plaintiff sues for all recoverable damages under the statute and case law.

15. **Comparative Fault:**  Plaintiff anticipates Defendants may seek to lay fault on her daughter.  Certainly, there is fodder in the shoddy police investigation and toxicology report to make that allegation, and, thus, candor to the Court requires disclosure of this from the outset.  However, it has long been the law in Texas that "[t]here is no imperative rule of law … generally requiring a pedestrian when lawfully using the public ways to be continually looking or listening to ascertain if auto cars are approaching, under the penalty that upon failure to do so, if he is injured, his negligence must be conclusively presumed."  *Vesper v. Lavender*, 149 S.W. 377, 378 (TEX. CIV. APP. 1912), writ refused.

16. Rather, under the law, a pedestrian's duty is simply to use "ordinary care."  Therefore, IF this *affirmative defense* is alleged, the Jury will have to decide whether Victoria breached her duty of ordinary care, and, more importantly, whether that breach was a proximate cause of her injury and death, particularly in view of the indisputable evidence that it was entirely possible for a reasonably prudent driver to avoid hitting her and that Defendant Grace failed to brake and failed to take other evasive action to avoid the collision.  The burden of proof on that affirmative defense will, of course, be on Defendants.

17. **Jury Demand:**  Plaintiff demands her constitutional right to a Jury trial.

WHEREFORE, Plaintiff BRENDA S. SHERWOOD prays that Defendants JACKIE RAY GRACE, SR. and BWS INSPECTION SERVICES LLC be cited to appear and answer herein, and that after trial she recover all actual damages within the ambit of the wrongful death act, together with prejudgment interest thereon as provided by law, and such other and further relief as might be appropriate under the circumstances.

//
//
//
//
//

Respectfully submitted,

VICKERY & SHEPHERD, LLP

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery
Texas Bar No. 20571800
10000 Memorial Dr., Suite 750
Houston, TX  77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: andy@justiceseekers.com
*Counsel for Plaintiff*


LAW OFFICES OF V. LATAWN WHITE, PLLC
V. LaTawn White
Texas Bar No. 24109436
110 W. Louisiana Ave., Suite 228
Midland, TX  79701
Telephone: 432-755-9394
Facsimile: 432-219-2509
Email: lwhite@vlw-law.com
*Co-Counsel for Plaintiff*